UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE SANTIAGO VERA | Crim. No. 3:05cr195 (JBA)<br><br><br><br>March 25, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On October 27, 2006, Defendant Jose Santiago Vera was convicted of conspiracy to possess with intent to distribute and to distribute heroin and possession with intent to distribute 100 grams or more of heroin. He was sentenced on April 9, 2007 to 160 months' imprisonment. He now moves [Doc. # 1511], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine

---

[1] These factors include:

whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Vera contends, and the Government agrees [Doc. # 1512], that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Mr. Vera and the Government agree that applying the Amendment to Mr. Vera yields an amended sentencing range of 120 to 137 months' imprisonment.[2] Mr. Vera seeks a reduced sentence of 120 months' imprisonment. The Government opposes any reduction, citing "the danger to the public that would be posed by a reduction in the defendant's sentence resulting in an earlier release." (Gov't Response [Doc. # 1512] at 5.)

The Government urges the Court to consider the fact that Mr. Vera was previously convicted of possession of a weapon in a motor vehicle and that in an unrelated incident, he was identified by the victim of an assault and robbery as the person who had shot him. (*Id.*) Moreover, Mr. Vera's most recent Bureau of Prisons Progress Report, dated January 28, 2015 documents that Mr. Vera was sanctioned in June 2011 for

---

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

[2] The prior range was 135 to 168 months' imprisonment.

being in an unauthorized area.  (Ex. 4 to PSR [Doc. # 1507-4].)  On the other hand, Mr. Vera has committed no other disciplinary infractions and appears to have used the majority of his time in prison productively, taking GED course and classes in Spanish literature, English, and art.  (*Id.*)

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Vera's sentence to 130 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons.  U.S.S.G. Amendment 782 (policy statement).  Because Mr. Vera's original sentence was five percent below the top of the applicable guideline range, his term of imprisonment will be reduced to five percent below the top of the revised guideline range, 130 months.

...

For the foregoing reasons, Mr. Vera's Motion [Doc. # 1511] for Reduction in Sentence is GRANTED and, effective November 1, 2015,[3] his term of imprisonment is reduced to 130 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of March, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is November 1, 2015, or later." However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).